# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANWAR RANDLE, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-856-DRH |
| JAMES DAVIDSON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Inmates Randle, Dismuke, Reyes, Crum, Chabitch, Turner, and Wilborn filed this joint action asserting various violations of their constitutional rights.

Inmates Randle, Dismuke, Crum, Chabitch, Turner, and Wilborn filed motions for leave to proceed *in forma pauperis* (Docs. 3, 4, 5, 6, 7, and 8). Inmate Reyes neither paid the $350 filing fee nor submitted a motion to proceed *in forma pauperis*, even after being directed by the Court to so do (Doc. 21). Inmate Reyes was warned that if he failed to comply with the Court's Order (Doc. 21), then his claims would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ladien *v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). According to the Court's records, the Court's Order (Doc. 21) directed to inmate Reyes was returned as undeliverable because Reyes is no longer confined at the Southwestern Illinois Correctional Center.

The Court also issued the warnings suggested by the Seventh Circuit Court of Appeals in *Bouriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), regarding the hazards of joining group

litigation and gave each inmate an opportunity to withdraw from this action (Doc. 20).  The warnings directed to inmates Turner, Reyes, and Wilborn, however, were returned as undeliverable because these inmates were no longer confined at the Southwestern Illinois Correctional Center.

Local Rule 3.1(b) requires "[a]ll petitioners and plaintiffs . . . to keep the Clerk of Court . . . informed of any change in his or her location.  This shall be done in writing no later than seven (7) days after transfer or other change in address occurs."  The Court's records indicate that inmates Turner, Reyes, and Wilborn have failed to comply with Local Rule 3.1(b).  By failing to keep the Court apprised of their location, these inmates appear to have abandoned the prosecution of their claims.  Therefore, the claims of inmates Turner, Reyes, and Wilborn are **DISMISSED,** with prejudice, pursuant to Rule 41(b).  Accordingly, the motions of inmates Turner and Wilborn (Docs. 5 and 8) are **DENIED** as moot. The motion of inmate Wilborn to appoint him counsel (Doc. 9) is also **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** September 3, 2009.

/s/   DavidRHerndon
**DISTRICT JUDGE**