# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANWAR RANDLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-856-DRH |
| | ) |
| JAMES DAVIDSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on the motion of Plaintiffs Randle, Dismuke, Crum, Chabitch, Reyes, Turner and Wilborn for injunctive relief (Doc. 2) and on the motion of Plaintiff Randle for an emergency preliminary injunction (Doc. 17). Before considering these motions, a brief overview of this case is necessary.

### BACKGROUND

Plaintiffs filed a joint *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against James Davidson, Ron Vitale, Jeffrey Parker, and Bruce Morrison. The original complaint (Doc. 1) alleged that the Defendants had violated the Plaintiffs' privacy rights by allowing a female guard to participate in a strip search and that the Defendants had subjected them to cruel and unusual punishment by forcing Plaintiffs to sit in a painful position for over two hours. Both the strip search and the allegedly cruel punishment occurred on May 13, 2008.

This Court has issued an Order dismissing Plaintiffs Reyes, Turner, and Wilborn from this action for failing to comply with prior Orders and/or failing to keep the Court informed of their current address as required by Local Rule 3.1(b). *See* (Doc. 25). The Court has also issued an Order dismissing the claims against Defendant Davidson pursuant to 28 U.S.C. § 1915A. *See*

(Doc. 31). Consequently, this case proceeds on the claims of Plaintiffs Randle, Dismuke, Crum, and Chabitch concerning the violation of their privacy and Eighth Amendment rights stemming from the events that occurred on May 13, 2008.

**DISCUSSION**

A preliminary injunction is an extraordinary remedy intended to maintain the *status quo* until the merits of a case can be resolved. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

In their motion for injunctive relief (Doc. 2), Plaintiffs have filed what has become practically a *pro forma* motion in prisoner cases. Specifically, their motion requests that this Court issue an injunction prohibiting "the Defendants or anyone who is a subordinate of the Defendants" from terminating their current treatment services, interfering with their programs, preventing their access to a law library, "discriminating" against them, and "further retaliating" against them as a result of this lawsuit. Since the Warden was named as a Defendant in this action, Plaintiffs effectively seek to be protected from any adverse actions taken against them.

2

Because the instant motion seeks protection from any adverse action taken as a result of the lawsuit, the motion for injunction has *nothing* to do with the underlying merits of Plaintiffs' privacy or cruel punishment claims. It is clear that the injunction requested by Plaintiffs would not preserve the *status quo* between the parties vis a vis the underlying dispute. Instead, it would likely become a cudgel which the Plaintiffs would use to make it difficult (if not impossible) for prison officials to adequately manage the facility. Any action Plaintiffs perceive as being adverse would become grounds for claiming that the Defendants have violated the terms of the injunction. To the extent that Plaintiffs allege they are now - or may in the future - face "retaliation" for prosecuting their claims, the federal courts recognize a cause of action for "retaliation" when prison officials take adverse actions against prisoners for exercising First Amendment rights. *See*. *See, e.g.,Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000). Federal courts also recognize a claim for denying "access to the courts" when an inmate suffers actual prejudice to a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Therefore, Plaitniff's motion for injunctive relief (Doc. 2) is **DENIED**,

Plaintiff Randle - who is *not* joined by the other Plaintiffs - also seeks an emergency preliminary injunction (Doc. 17). Briefly, the motion states that since filing the original complaint in this action, Randle has been issued several disciplinary tickets. Two of these disciplinary tickets were given to Plaintiff for possessing personal information (medical records) belonging to inmates Jones, Chabitch, and Kroll. At his disciplinary hearings, Randle asserted that these documents are "evidence" in this case and that he was mailing it to this Court and to an attorney. Randle was found guilty of these infractions and sanctioned by prison staff. Randle

claims that he was denied due process of law because prison officials - several of whom are not defendants in this action - failed to follow state law with respect to the disciplinary tickets. Randle seeks an injunction expunging the conduct violations, transferring him to another facility that has similar programs, reinstating his good time credit, and preventing any further harm.

Again, the injunction requested by Randle has *nothing* to do with the underlying merits in this case and would not preserve the *status quo* with regard to the underlying privacy and cruel punishment claims. Because inmates Jones and Kroll are not Plaintiffs in this case, the Court fails to see how their medical records could be probative evidence in this case. Furthermore, Randle is not a licensed attorney and, therefore, is not authorized to represent any of the other Plaintiffs. Finally, the Court's records indicate that Randle and the other Plaintiffs are proceeding *pro se* in this action. To date, no attorney has entered an appearance on their behalf. To the extent that Plaintiff contends that the disciplinary tickets are retaliatory and interfere with his "access to courts," he may bring such claims in a separate case. Therefore, Plaintiff Randle's motion for emergency preliminary injunction (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** September 9, 2009.

/s/ DavidRHerndon
**DISTRICT JUDGE**