IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANWAR RANDLE, O'SHANE DISMUKE, CORY CRUM, and DAVID CHABITCH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 08-cv-856-DRH-PMF ) |
| RON VITALE, JEFFREY PARKER, and BRUCE MORRISON, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment filed by two of the defendants: Ron Vitale and Jeffrey Parker. Also submitted is a *sua sponte* recommendation that the claims of Cory Crum be dismissed with prejudice for lack of prosecution.

**I.   Summary Judgment**

Vitale and Parker are challenging Anwar Randle's § 1983 claims, which pertain to the conditions Randle experienced while he was confined at Southwestern Correctional Center on May 13, 2008.[1] These defendants seek judgment in their favor on their affirmative defense that Randle filed his § 1983 claims without first exhausting his administrative remedies. Randle's response was due by January 13, 2010. That deadline was extended to February 15, 2010, and Randle was warned that his failure to respond by the extended deadline would be treated as an admission that Vitale and

---

[1] There are four plaintiffs in this action. Because the certificate of service attached to the motion for summary judgment shows that it was served only on Randle, the motion is not considered as to the claims made by Dismuke, Crum, or Chabitch.

Parker are entitled to judgment in their favor on the affirmative defense. A response is not on file. The absence of a timely response is treated as an admission that the exhaustion defense has merit. SDIL-LR 7.1(c). In these circumstances, a hearing to resolve factual disputes has not been scheduled. *See Pavey v Conley*, 544 F.3d 739 (7th Cir. 2008).

> Randle's § 1983 claim is subject to the Prison Litigation Reform Act, which provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Where the prisoner's own inaction forms the basis of the defense, dismissal with prejudice is the appropriate remedy. *Pavey v. Conley*, 544 F.3d at 742.

This action was filed on December 9, 2008. In February, 2009, after the suit was filed, Randle made a belated effort to pursue his administrative remedies. His grievance was returned because the nature of his concerns could not be ascertained. Because Randle's own belated action forms the basis of the exhaustion defense, dismissal with prejudice is warranted.

### II.     Cory Crum

Mail sent to plaintiff Cory Crum has been returned on several occasions. Public records maintained by the Illinois Department of Corrections show that Crum was released in November, 2009. Crum did not notify the Clerk of his release and has failed to comply with Local Rule 3.1(b) by providing a current address. His actions strongly suggest that he is no longer interested in pursuing his § 1983 claims. Dismissal for lack of prosecution is warranted at this time.

### III.    Conclusion

IT IS RECOMMENDED that the motion for summary judgment (Doc. No. 43) be GRANTED. Anwar Randle's § 1983 claims against Ron Vitale and Jeffery Parker should be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the § 1983 claims made by Cory Crum be DISMISSED WITH PREJUDICE.

If these recommendations are accepted, the following claims will remain: Anwar Randle's § 1983 claims against Bruce Morrison; O'Shane Dismuke's § 1983 claims against Ron Vitale, Jeffrey Parker, and Bruce Morrison; and David Chabitch's § 1983 claims against Ron Vitale, Jeffrey Parker, and Bruce Morrison.

**SUBMITTED:   February 22, 2010   .**

      **S/ Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**