IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANWAR RANDLE, et al.,**

    **Plaintiffs,**

**v.**

**JAMES DAVIDSON, et al.,**

    **Defendants.**                              **Case No. 08-cv-856-DRH**

## ORDER

**HERNDON, Chief Judge:**

        This comes before the Court as a matter of case management to correct an oversight made in the Court's February 22, 2010 Report and Recommendations ("R&R") (Doc. 58). This matter is before the Court on the Report and Recommendations ("R&R") issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by United States Magistrate Judge Frazier (Doc. 58).[1] The R&R's conclusion, based on the Magistrate Judge's review of the record and the applicable law, is that plaintiff Anwar Randle has failed to exhaust his administrative remedies as to his claims against defendants Ron Vitale and that their Motion for Summary Judgment (Doc. 43) should be granted as to plaintiff Randle, thereby dismissing his claims against defendants Vitale and Parker with prejudice. The R&R further held that plaintiff

---

[1] Because Randle failed to file a response to the motion, the Court deemed his silence as an admission that Defendants' exhaustion defense had merit. Therefore, the R&R found a *Pavey* hearing unnecessary as there were no material facts in dispute.

Crum's claims against all remaining Defendants should be dismissed with prejudice for lack of prosecution.

The R&R was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service. The time period in which to file an objection has lapsed. Neither party has filed any objection. Therefore, pursuant to **28 U.S.C. § 636(b)** this Court need not conduct a *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**. Accordingly, the Court **ADOPTS** the R&R as its ruling pertains to plaintiffs Randle and Crum and **GRANTS IN PART** defendants Vitale and Parker's Motion for Summary Judgment (Doc. 43).[2] Accordingly, the Court holds that summary judgment should be entered in favor of defendants Vitale and Parker and against plaintiff Randle. Plaintiff Randle's claims against defendant Vitale and Parker are thus **DISMISSED WITH PREJUDICE**. The Court also holds that plaintiff Cory Crum's claims against all remaining Defendants should be **DISMISSED WITH PREJUDICE** for his failure to prosecute.

**IT IS SO ORDERED.**

Signed this 10th day of May, 2010.

/s/ David R Herndon
**Chief Judge**
**United States District Court**

---

[2] This is only a partial grant of summary judgment, as the portion of Defendants' Motion (Doc. 43) pertaining to plaintiffs Dismuke and Chabitch has been reinstated and remains pending for a ruling.