IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANWAR RANDLE, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 08-cv-856-DRH-PMF |
| ) | |
| JAMES DAVIDSON, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions for summary judgment (Doc. Nos. 43, 84). Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, challenging the conditions of their confinement (or former confinement) at Southwestern Correctional Center. Specifically, they claim that members of a TACT team performed strip searches in the presence of a female in violation of their right to privacy and inflicted pain in violation of their Eighth Amendment right to be free from cruel and unusual punishment. They seek money damages and an order establishing procedural guidelines for future TACT team implementation (Doc. No. 1, p. 18).

The defendants seek judgment in their favor on their affirmative defense of failure to exhaust administrative remedies. The motion is opposed only by plaintiff Dismuke, who maintains that he was not required to exhaust administrative remedies under the circumstances (Doc. No. 91). A reply is on file (Doc. No. 96).

### I.   Claims brought by Anwar Randle and David Chabitch

These two plaintiffs have not filed timely responses to the summary judgment motions, nor have they informed the Clerk of their current whereabouts (Doc. Nos. 71, 74, 80, 83, 95). The lack of a timely response from plaintiffs Randle and Chabitch may be considered an admission to the

merits of the motions addressing their claims. SDIL-LR 7.1(c).[1]

## II.  Claim brought by O'Shane Dismuke

Dismuke's claims pertain to the treatment he endured at Southwestern Correctional Center on May 13, 2008. He filed his claims on December 9, 2008.

On November 30, 2009, Sarah Johnson signed an affidavit stating that her search of records maintained by the Administrative Review Board (ARB) revealed no grievances filed by Dismuke (Doc. No. 43-1).

Dismuke prepared his grievance form on December 29, 2009. His counselor responded on January 28, 2010. On February 2, 2010, the Administrative Review Board returned the grievance, finding that it was untimely and that justification for late consideration had not been provided.

The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a). There is no futility exception to the statutory requirement, and a plaintiff who seeks only monetary damages must utilize the grievance procedure in place before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion means properly and timely taking each step in the administrative process established by state system. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The grievance procedure available to inmates in Illinois is comprised of a three-step process which ends with an administrative appeal to the director of the department. 20 Ill. Admin. Code part 504. The procedure does not specifically authorize awards of money damages.

Dismuke argues that he was not required to complete the administrative procedure because no administrative remedy was available to correct the harm that occurred to completion in May, 2008. He explains that the TACT team incident was isolated and was not ongoing. He explains further that he is not seeking relief for ongoing medical care or future damages.

---

[1] Document No. 43 has been granted as to Randle but remains pending as to Chabitch and Dismuke (Doc. No. 79). Document No. 84 is pending as to Randle, Dismuke, and Chabitch.

The Court is not persuaded that no remedy was available to Dismuke through the administrative remedy process. The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring prisoners to pursue all available administrative remedies and also requiring full compliance with the prison's procedural deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A complaint such as the one raised by Dismuke regarding improper conduct by members of the prison staff raises a topic proper for the inmate grievance procedure. 20 Ill. Admin. Rules § 504.810. Dismuke could have grieved the actions attributed to these defendants and may have gained some measure of relief, including the guidance sought in this litigation to prevent future TACT team misconduct. Even if no relief was awarded, the grievance process might clarify factual disputes and allow the parties to narrow the scope of litigation. *Pozo v. McCaughtry*, 286 F.3d at 1023-24.

### III.   Conclusion

IT IS RECOMMENDED that defendants' motions (Doc. Nos. 43, 84) be GRANTED. Because plaintiffs are currently barred from proceeding on their § 1983 claim for damages and other relief, all remaining claims should be DISMISSED without prejudice for failure to exhaust administrative remedies.

SUBMITTED:   August 24, 2010  .

    S/ Philip M. Frazier
    PHILIP M. FRAZIER
    UNITED STATES MAGISTRATE JUDGE