IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANWAR RANDLE, et al.,

    Plaintiffs,

v.

JAMES DAVIDSON, et al.,

    Defendants.                               Case No. 08-cv-856-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

This matter is before the Court on the Report and Recommendations ("R&R") issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by United States Magistrate Judge Frazier (Doc. 97), regarding both a Motion for Summary Judgment (Doc. 43),[1] filed by defendants Ron Vitale and Jeffrey Parker, as well as a Motion for Summary Judgment (Doc. 84) against all remaining Plaintiffs, filed by defendant Bruce

---

[1] Defendants Vitale and Parker's Motion was already granted in the Court's May 10, 2010 Order (Doc. 79) as to plaintiffs Anwar Randle and Cory Crum, but remained pending as to plaintiffs O'Shane Dismuke and David Chabitch, until this most recent R&R (Doc. 97). In fact, the Court dismissed plaintiff Crum's claims against all remaining Defendants (Vitale, Parker and Morrison) for his failure to prosecute (*Id.*).

Morrison. Both Motions seek summary judgment in Defendants' favor based on the affirmative defense that Plaintiffs' claims are barred for their failure to properly exhaust their administrative remedies prior to filing suit.

As to plaintiffs Randle and Chabitch, the R&R noted that they had failed to timely file responses to the summary judgment motions, and also failed to apprise the Clerk of their current whereabouts (Doc. 97, p. 1, citing Docs. 71, 74, 80, 83 & 95). Therefore, the R&R deemed their lack of a timely response an admission as to the merits of the motions addressing their claims, pursuant to Local Rule 7.1(c), thereby recommending that summary judgment be granted against them in favor of defendant Morrison (summary judgment having previously been granted in favor of defendants Vitale and Parker). As to plaintiff Dismuke, the R&R did not agree with his argument that he was not required to complete the administrative procedure because no administrative remedy was available to correct the harm. Therefore, the R&R also recommends granting summary judgment in favor of Defendants and against plaintiff Dismuke.

The R&R was sent to the Parties, with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the R&R. Only plaintiff Dismuke has filed timely objections thereto (Doc. 100). Accordingly, this Court must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir.**

**1992)**.  The Court may "accept, reject, or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**.  In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made.  ***Id***.  However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made.  ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.  Instead, the Court can simply adopt these findings.

Accordingly, the Court will adopt the R&R (Doc. 97) as its ruling pertains to plaintiffs Randle and Chabitch, and grant summary judgment in favor of defendants Vitale, Parker and Morrison, pursuant to their respective Motions for Summary Judgment (Docs. 43 & 84).  It will now turn to plaintiff Dismuke's objections, offering a *de novo* review of the issues arising therefrom.

## II.  Discussion

It appears Dismuke did file a grievance about the incident giving rise to his § 1983 claim, although the documented evidence offered by Defendants showed this grievance was ultimately denied as untimely, and that Dismuke had failed to provide justification for late consideration.  Dismuke claimed that members of a TACT team at Southwestern Correctional Center performed strip searches of the Plaintiffs in the presence of a female, in violation of Plaintiffs' right to privacy.  Further, Plaintiffs claim they were forced to sit on a gymnasium floor, "Indian-style," with their chins to their chests and arms behind their backs for two and a half

hours, which they allege violated their Eighth Amendment right to be free from cruel and unusual punishment.

In his Objections (Doc. 100), Dismuke does not contest the R&R's finding that he failed to exhaust his administrative remedies. Instead, Dismuke maintains his argument that because the TACT team incident was a past, isolated incident, there would be no administrative remedy granted and thus, proceeding to exhaust his administrative remedies would be futile. In sum, Dismuke maintains that he should be excepted from the failure to exhaust requirement pursuant to ***Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999) (carving out exception where a prisoner's injury lies wholly in the past and no relief other than monetary compensation is conceivable)**, which Dismuke refers to as the "*Perez* exception" (Doc. 100, p. 2).

A.   **Summary Judgment**

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** ***Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323)**. In reviewing a summary judgment motion, this Court does not determine the

truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. **Celex Group, Inc. v. Executive Gallery, Inc., 877 F. Supp. 1114, 1124 (N.D. Ill. 1995)**. This Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. **Regensburger v. China Adoption Consultants, Ltd., 138 F.3d 1201, 1205 (7th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986))**.

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in the pleadings; rather, it must be shown through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. **Walker v. Shansky, 28 F.3d 666, 670-71 (7th Cir. 1994), aff'd, 51 F.3d 276 (citing Celotex, 477 U.S. at 324)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." **Anderson, 477 U.S. at 249-50 (citations omitted); accord Starzenski v. City of Elkhart, 87 F.3d 872, 880 (7th Cir. 1996); Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994)**. In other words, "inferences relying on mere speculation or conjecture will not suffice." **Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009) (citation omitted); see also Anderson, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find**

for the [non-movant]."). Instead, the non-moving party must present "definite, competent evidence to rebut the [summary judgment] motion." **EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 437 (7th Cir. 2000) (citation omitted)**.

### B.     Administrative Exhaustion

Dismuke's status as an inmate subjects his claims to the provisions of the Prisoner Litigation Reform Act ("PLRA"). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted*." **42 U.S.C. § 1997e(a) (emphasis added)**. This exhaustion requirement is applicable to both state and federal inmates. **See Porter v. Nussle, 534 U.S. 516, 524 (2002)**. The burden of proof on the issue of exhaustion lies with the defendants. **Westefer v. Snyder, 422 F.3d 570, 577 (7th Cir 2005)**.

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. **Doe v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (noting "[t]his circuit has taken a strict compliance approach to exhaustion.")**. In addition, exhaustion must occur before the suit is filed. **Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004)**. "Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending." *Id.* Finally, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." **Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th**

Cir. 2005); *see also Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008) ("Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to.").

C.     **Grievance Procedures**

The grievance procedures applicable to the Illinois Department of Corrections are set forth in Title 20 of the Illinois Administrative Code, Sections 504.800 through 504.850. First, an inmate must attempt to informally resolve the grievance through his grievance counselor. However, if such grievance remains unresolved or requires disciplinary proceedings, the inmate may file a written grievance[2] on a grievance form to the facility Grievance Officer (appointed by the Chief Administrative Officer ("CAO")) within 60 days from when the incident giving rise to the grievance was discovered. **ILL. ADMIN. CODE tit. 20, § 504.810**.

The Grievance Officer must then consider the filed grievance and report his or her findings and recommendations to the CAO. **ILL. ADMIN. CODE tit. 20, § 504.830**. The CAO is then required to advise the inmate of his or her decision within two months (where reasonably feasible under the circumstances) after receipt of the filed written grievance. *Id.* If the inmate does not feel the issue has been

---

[2] Pursuant to **ILL. ADMIN. CODE tit. 20, § 504.810**:
   The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

appropriately resolved after receiving the CAO's response, he or she may appeal in writing (with copies of the Grievance Officer's report and CAO's decision attached) to the Director of the Department within 30 days after the date of the CAO's decision. **ILL. ADMIN. CODE tit. 20, § 504.850**.

Upon review, the Director shall determine whether a hearing before the Administrative Review Board ("ARB") on the inmate's grievance appeal is warranted. *Id.* The Director must then advise the inmate of his or her decision in writing. *Id.* If a hearing on the grievance is warranted, the ARB shall meet to conduct the hearing, thereafter submitting its findings and recommendations in a written report to the Director. *Id.* The Director shall review the ARB's report and make a final determination on the grievance within 6 months (where reasonably feasible under the circumstances) after receipt of the appealed grievance, sending a copy of the final decision to the inmate. *Id.*

**D.     Analysis**

The sole issue arising from Dismuke's Objections (Doc. 100) is whether the *Perez* exception should apply to except him from the requirement that he first exhaust his administrative remedies before bringing suit. If so, his suit survives Defendants' summary judgment motions. In *Perez*, the Seventh Circuit appeared to "reserve its judgment on the proper way to resolve a case in which the harm is done" and there would be no administrative remedy to exhaust because further administrative action could not supply a 'remedy. ***See Larkin v. Galloway*, 266**

**F.3d 718, 723 (7th Cir. 2001) (noting that the *Perez* exception should be more accurately described as an issue the *Perez* opinion simply left unresolved)**. It appears that the *Perez* exception is no longer good law in the Seventh Circuit. Since *Perez* was decided, the Supreme Court decided **Booth v. Churner, 532 U.S. 731, 736 (2001)**, which took a "broader view of the utility of prison administrative processes," requiring "exhaustion of all administrative procedures that have 'authority to take some action in response to a complaint,' even if the procedure cannot provide the only relief that the prisoner is seeking, *e.g.*, money damages." **See *Larkin*, 266 F.3d at 723 (recognizing that "*Perez* is no longer the last word on the point [of administrative exhaustion under the PLRA]")**. Therefore, it is clear that administrative exhaustion is still a requirement under the PLRA as long as the grievance process would afford the correctional institution the opportunity to take *some* correctional action.

Accordingly, Dismuke's arguments regarding the application of the *Perez* exception to his claims are ineffective. The R&R surmised that a prisoner grievance concerning improper conduct by prison staff raises a topic appropriate for the inmate grievance procedure, as the correctional facility could have taken steps to make changes in the TACT team procedures and policy for conducting "shake down's" and strip searches of the inmates (Doc. 97, p. 3). The Court agrees. Therefore, because the Court finds the PLRA's administrative exhaustion requirement applicable to plaintiff Dismuke in this matter, summary judgment in

favor of Defendants is warranted.

### III. Conclusion

The Court **ADOPTS** the R&R (Doc. 97).  Accordingly, it **GRANTS** the remainder of the Motion for Summary Judgment (Doc. 43), filed by defendants Vitale and Parker, still pending, and **GRANTS** the Motion for Summary Judgment (Doc. 84), filed by defendant Morrison.  As such, summary judgment is hereby granted in favor of defendants Vitale and Parker and against plaintiffs Dismuke and Chabitch, and summary judgment is also granted in favor of defendant Morrison and against plaintiffs Dismuke, Randle and Chabitch.  Thus, all remaining claims are hereby **DISMISSED WITH PREJUDICE** for Plaintiffs' failure to exhaust their administrative remedies before filing suit.  The case shall be closed, judgment to enter.

**IT IS SO ORDERED.**

Signed this 20th day of September, 2010.

/s/    *DavidRHerndon*

**Chief Judge
United States District Court**